# Lutz *v.* Pennsylvania Laundry Company, Appellant.

*Party walls—Suit for use of—Conflicting evidence.*

1. In an action to recover for the use of a party wall, where the defendant denies any use of the party wall, and the evidence on the subject is conflicting, a binding instruction for defendant cannot be given.

2. In such a case where the defendant alleges that the party wall had been carelessly built and sagged or leaned over the property line to the extent of two or three inches, damages cannot be certified in defendant's favor, where there is no evidence to show that the defendant was in fact injured by the careless construction of the wall.

Argued Oct. 15, 1913. Appeal, No. 104, Oct. T., 1913, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1910, No. 3,266, on verdict for plaintiff in case of August Lutz v. Pennsylvania Laundry Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover for loss of one-half of a party wall. Before RALSTON, J.

The court charged in part as follows:

When a man owns a lot and wishes to build upon it he may put his wall half on his neighbor's lot and half on his own. That is what is called a party wall, and in regard to that we have followed a very sensible and useful custom which was brought over here from London by William Penn, and it enables both lot owners to use one wall which is divided equally between them. The subject of party walls is now regulated by statute, and when a wall is built in that way by one owner, the adjoining owner is not bound to pay anything for it or contribute anything to the expense of building the wall until he uses it, and when he uses it, he is bound to pay half the cost of the wall—he is bound to pay for what he uses.

The question in this case is whether the defendant

594 LUTZ *v.* PENNA. LAUNDRY CO., Appellant.

Charge of Court below—Opinion of the Court.   [55 Pa. Superior Ct.

used the plaintiff's wall. It was a party wall, and the defendant built next to it, and if it used the wall for the purpose of its building it is bound to pay for what it used. The plaintiff's claim, based upon the measurement of the official measurer, whose figures are not contradicted, is for $193.42. If you find from the testimony that the defendant when it built its building adjoining the plaintiff's building, used the plaintiff's wall, broke into or attached its building to it, then the plaintiff is entitled to recover. On the other hand, if you find that the defendant built entirely upon its own land and made no use of the wall, then the plaintiff is not entitled to be paid for it. That is the question in the case which you will decide from the testimony.

1. "Under all the evidence of this case your verdict must be for the defendant." *Answer:* Refused [1].

4. "If the jury find that the wall of the plaintiff unlawfully encroaches upon the land of the defendant, and the defendant has not broken into or used the party wall of the plaintiff, you should find a verdict in favor of the defendant, and should certify in favor of the defendant the amount of damages it has sustained by the said encroachment of the plaintiff's wall upon the land of the defendant from the twelfth day of July, 1906, to the date of the commencement of this suit." *Answer:* Refused [2].

Verdict and judgment for plaintiff for $236.74. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*J. Frederick Jenkinson,* for appellant.

*James S. Williams,* for appellee.

Opinion by Head, J., February 20, 1914:
The plaintiff based his right to recover on the allega-

tion of fact that the defendant, in the construction of a building on its own property, had made use of the party wall erected on the line dividing the two properties. The defendant, raising no legal question as to the plaintiff's right to recover, if the facts were as he stated, rested its defense on the counter statement of fact that it had made no use of the party wall. The main issue between the parties was therefore clearly one of fact. This question of fact was submitted by the learned trial judge in a charge so plain and impartial that it furnished no ground for complaint to either party. The jury resolved the issue of fact in favor of the plaintiff and awarded him a verdict. Manifestly, under these circumstances, no binding direction could have been given by the learned trial judge, and the first assignment of error may be dismissed without further comment. The third, fourth and fifth assignments complain of the refusal of the learned court below to award a new trial. There is nothing in the record of this case to place it in that extremely unusual class where the refusal to grant a new trial may be properly assigned for error. These assignments are dismissed.

The defendant, in addition to its defense of fact, advanced a counterclaim based on the assertion that the party wall, which had been theretofore constructed by the plaintiff, had been so carelessly built that it was no longer perpendicular, but at the top sagged or leaned over the property line to the extent of two or three inches, and that it was thereby damaged in the sum of $1,000. This sum it sought to set off against anything recovered by the plaintiff and asked for a certificate of balance in its favor. There was considerable conflict in the evidence on both propositions, but it is clear there was not a scintilla of evidence offered by the defendant tending to show that it had suffered any actual damages, or that would have enabled the court or jury to adopt any measure of the alleged damages. No refusal on the part of the trial judge to admit such testimony

is assigned for error. As the record stood and now stands, the trial judge was right in refusing to affirm the defendant's fourth point, the subject of the second assignment of error, and it also is overruled.

Judgment affirmed.